IN THE SUPREME COURT OF THE STATE OF KANSAS

Nos. 114,432
115,637

STATE OF KANSAS,
*Appellee*,

v.

PREVIN TAUER,
*Appellant.*

SYLLABUS BY THE COURT

The point in time to assess a criminal sentence's legality for purposes of a K.S.A. 22-3504(1) motion to correct an illegal sentence is the moment the sentence was pronounced. If a sentence was legal when pronounced, subsequent changes in the law will not render it illegal and amenable to correction under K.S.A. 22-3504(1).

Review of the judgment of the Court of Appeals in an unpublished opinion filed December 2, 2016. Appeal from Sedgwick District Court; JOHN J. KISNER JR., judge. Opinion filed July 12, 2019. Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, and *Sean M.A. Hatfield*, of the same firm, were on the briefs for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, were on the briefs for appellee.

1

The opinion of the court was delivered by

JOHNSON, J.: Previn Tauer seeks our review of the Court of Appeals' decision that affirmed the district court's denial of Tauer's 2014 motion to correct an allegedly illegal sentence that was imposed 20 years earlier. The issue for our review is whether the district court should have reclassified a 1991 New Mexico juvenile conviction for burglary as a nonperson felony pursuant to this court's holdings in *State v. Dickey*, 301 Kan. 1018, 1039-40, 350 P.3d 1054 (2015) (*Dickey I*), and *State v. Dickey*, 305 Kan. 217, 380 P.3d 230 (2016) (*Dickey II*). Because Tauer's original sentence was legal when pronounced and was final before the change in the law upon which he relies to establish the illegality of the sentence, we affirm the Court of Appeals.

FACTUAL AND PROCEDURAL OVERVIEW

We take the liberty of adopting the panel's recitation of the factual and procedural background of the case when it arrived at that court:

"In 1994, Tauer was convicted of second-degree murder and aggravated battery. The district court found Tauer had a criminal history classification of D, based in part on scoring his 1991 burglary conviction as a person felony. Tauer appealed his convictions and sentences, and this court affirmed. See *State v. Tauer*, No. 73,634, 1996 WL 437154 (Kan. App. 1996) (unpublished opinion). The mandate in Tauer's direct appeal was issued September 26, 1996.

"In 2014, Tauer filed a motion to correct an illegal sentence, as provided in K.S.A. 22-3504, on the grounds his earlier burglary conviction should have been treated as a nonperson felony, thereby reducing his criminal history classification and his presumptive guidelines punishment. The district court denied the motion in a ruling from the bench. But a journal entry was not filed until much later. In the meantime, Tauer filed a notice of appeal from the denial of the motion. He then filed a motion with the district

2

court to alter or amend the ruling. In due course, the district court denied the motion to alter or amend. Tauer filed a separate notice of appeal from that ruling.

"As a result, each appeal was docketed as a separate case in this court, even though they addressed the same substantive issue. The dual appeals created some awkward procedural issues, particularly regarding the district court's authority to consider the motion to alter or amend at all and the time deadlines for filing that notice of appeal. We have effectively eliminated those wrinkles by consolidating the appellate cases. One or the other appeal and possibly both properly present Tauer's substantive issues for our review." *State v. Tauer*, No. 114,432, 2016 WL 7032167, at *1 (Kan. App. 2016) (unpublished opinion).

The panel succinctly resolved the question presented here in favor of the State. It opined that the rule from *Dickey I* and *Dickey II* derives directly from *Apprendi v. New Jersey,* 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). *Tauer*, 2016 WL 7032167, at *2. But per *State v. Gould,* 271 Kan. 394, 414, 23 P.3d 801 (2001), *Apprendi* does not apply to a case that was final before *Apprendi*'s filing date of June 26, 2000. Consequently, "the treatment of burglary convictions for criminal history purposes outlined in *Dickey I* and *Dickey II*, likewise, does not apply to [cases final before June 26, 2000]." *Tauer*, 2016 WL 7032167, at *2. Because Tauer's sentence was final nearly four years before *Apprendi*, *Dickey I* and *II* do not apply to him.

Due to conflicting opinions among Court of Appeals panels, we granted Tauer's petition for review.

LEGALITY OF TAUER'S SENTENCE

Tauer's petition simply argues that the 2015 holding in *Dickey I* should be retroactively applied to his 1994 sentence because K.S.A. 22-3504(1) says that an illegal sentence may be corrected *at any time*. The State's supplemental brief argues that we

3

should retroactively apply the 2017 amendment to K.S.A. 22-3504 to find that Tauer's sentence was not illegal. We adopt neither argument. Rather, pursuant to the interpretive rule recently described in *State v. Murdock*, 309 Kan. 585, 439 P.3d 307 (2019) (*Murdock II*), Tauer's sentence was not transformed into an illegal sentence by a subsequent change in the law and his K.S.A. 22-3504(1) motion to correct an illegal sentence was unavailing.

*Standard of Review*

Whether a sentence is illegal is a question of law subject to unlimited review. *State v. Donahue*, 309 Kan. 265, 267, 434 P.3d 230 (2019). Interpretation of statutes is also a matter of law subject to unlimited review. *State v. Jamerson*, 309 Kan. 211, 214, 433 P.3d 698 (2019).

*Analysis*

Tauer's assertion that K.S.A. 22-3504(1) permits him to seek a correction of an illegal sentence "at any time" does not answer the question of whether his 1994 sentence is an illegal sentence within the meaning of a motion to correct an illegal sentence. The temporal question here is not when an illegal sentence may be corrected, but at what point in time the legality of a sentence should be determined.

Pointedly, Tauer does not contend that his sentence was illegal when it was pronounced in 1994, i.e., he does not argue that his sentence failed to conform to the statutory provisions then in effect. Moreover, Tauer does not assert that his sentence was illegal when it became final in 1996. See *Murdock II,* 309 Kan. at 591 (longstanding rule defendant receives benefit of change in law that occurs while direct appeal pending unaffected by *Murdock II* holding). Instead, he argues that our interpretations of the

4

Kansas Sentencing Guidelines Act criminal history provisions some two decades later, which were influenced by changing federal constitutional law beginning in 2000, effected an after-the-fact transformation of his sentence from legal to illegal. Our holding in *Murdock II* refutes that notion.

*Murdock II* established the time for assessing a sentence's legality for purposes of a K.S.A. 22-3504(1) motion to correct an illegal sentence as the moment the sentence was pronounced. Then, if a sentence is legal when pronounced, subsequent changes in the law will not render it illegal and amenable to correction under K.S.A. 22-3504(1). Specifically, *Murdock II* said that

> "the legality of a sentence under K.S.A. 22-3504 is controlled by the law in effect at the time the sentence was pronounced. The legality of a sentence is fixed at a discrete moment in time—the moment the sentence was pronounced. At that moment, a pronounced sentence is either legal or illegal according to then-existing law. Therefore, for purposes of a motion to correct an illegal sentence, neither party can avail itself of subsequent changes in the law." 309 Kan. at 591.

For purposes of our analysis, Tauer's sentence was legal when pronounced and remained so at the time his direct appeal became final. He attempts to avail himself of *Apprendi*, which is clearly a subsequent change in the law for purposes of a motion to correct an illegal sentence. See *Gould*, 271 Kan. at 406 ("There is little dispute that *Apprendi* has had an immediate and dramatic impact on criminal law."). Pursuant to our holding in *Murdock II*, he cannot do that. Consequently, we affirm the Court of Appeals' affirmance of the district court's denial of the motion.

Affirmed.