No. 119,302

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

GREGORY LYNN GALES,
*Appellant*.

SYLLABUS BY THE COURT

1.

A sentence is not an illegal sentence because of a change in the law that occurs after the sentence is pronounced.

2.

The 2019 statutory amendments to K.S.A. 22-3504 define a "change in the law" as a statutory change or an opinion by an appellate court of the State of Kansas, unless the opinion is issued while the sentence is pending an appeal from the judgment of conviction.

3.

The 2019 statutory amendments to K.S.A. 22-3504 are procedural in nature and shall be construed and applied retroactively.

4.

While true changes in the law cannot transform a once legal sentence into an illegal sentence, there might be developments in the law that may shine new light on the original question of whether the sentence was illegal when pronounced.

**5.**

*State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015), does not constitute a change in the law as contemplated by the 2019 statutory amendments to K.S.A. 22-3504.

**6.**

Under K.S.A. 2018 Supp. 21-6811(e)(3), the State of Kansas shall classify a prior out-of-state crime as person or nonperson for purposes of calculating criminal history. In classifying a prior out-of-state crime as person or nonperson, comparable offenses under the Kansas Criminal Code in effect on the date the current crime of conviction was committed shall be referred to. If the State of Kansas does not have a comparable offense in effect on the date the current crime of conviction was committed, the out-of-state crime shall be classified as a nonperson crime.

**7.**

The 2015 amendment to K.S.A. 21-6811(e)(3), as set forth in House Bill 2053, requires the court to compare prior out-of-state crimes to the Kansas Criminal Code in effect on the date the current crime of conviction was committed. The Legislature clearly stated its intent that the amendment set forth in House Bill 2053 is procedural in nature and shall be applied retroactively.

**8.**

House Bill 2053 does not constitute a change in the law as contemplated by K.S.A. 22-3504(c), as amended by L. 2019, ch. 59, §15.

**9.**

In *State v. Wetrich*, 307 Kan. 552, 412 P.3d 984 (2018), an opinion issued by the Kansas Supreme Court on March 9, 2018, the court held that in order to constitute a comparable offense under K.S.A. 2017 Supp. 21-6811(e), a prior out-of-state crime must

have identical or narrower elements than the Kansas offense to which it is being compared.

10.

The rule announced in *State v. Wetrich*, 307 Kan. 552, 412 P.3d 984 (2018), is a change in the law and shall not be construed or applied retroactively.

Appeal from Edwards District Court; BRUCE T. GATTERMAN, judge. Opinion filed October 4, 2019. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., HILL and STANDRIDGE, JJ.

STANDRIDGE, J.: Following remand, Gregory Lynn Gales appeals his sentence for intentional second-degree murder and arson. Gales argues his sentence is illegal because the district court incorrectly classified his prior California juvenile burglary adjudication as a person crime when calculating his criminal history score. For the reasons stated below, we find the district court correctly classified Gales' prior juvenile adjudication as a person crime and, in turn, find Gales' sentence was legal when imposed.

FACTUAL AND PROCEDURAL BACKGROUND

In 2001, a jury convicted Gales of one count each of intentional second-degree murder and arson. At sentencing, the district court determined Gales had a criminal history score of D, based in part on a 1976 California juvenile burglary adjudication that was classified as a person felony. The resulting sentence was a controlling term of 286 months' imprisonment. This court affirmed Gales' convictions on appeal. See *State v.*

3

*Gales*, No. 88,321, 2003 WL 21981941 (Kan. App. 2003) (unpublished opinion) (*Gales I*). Gales filed a petition for review, which the Supreme Court denied. The conviction and sentence became final when the mandate was issued on November 14, 2003.

In 2014, Gales filed a motion to correct an illegal sentence. Gales argued his 1976 California burglary juvenile adjudication should have been classified as a nonperson offense for purposes of calculating his criminal history score when he was sentenced. Had the prior juvenile adjudication been classified as a nonperson offense, Gales claimed his sentence for Count I would have been reduced from 267 months to 203 months. On March 25, 2015, the district court denied Gales' motion. Gales filed a notice of appeal on April 8, 2015.

On May 22, 2015, the Kansas Supreme Court issued its decision in *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015) (*Dickey I*). At issue in *Dickey I* was the procedure for deciding whether a prior in-state juvenile adjudication that occurred before the Kansas Sentencing Guidelines Act (KSGA) went into effect should be scored as a person or nonperson offense. The court held the constitutional rule established in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), which was adopted by our Supreme Court in *State v. Gould*, 271 Kan. 394, 414, 23 P.3d 801 (2001), is implicated when a district court enhances a defendant's current sentence by making findings of fact that go beyond merely finding the existence of a prior conviction or adjudication. Based on *Apprendi*, the *Dickey I* court held that the sentencing court is limited to comparing the elements of the prior statute of conviction or adjudication to the elements of the corresponding statute in effect at the time the current crime of conviction was committed. 301 Kan. at 1039-40.

In making this comparison, the *Dickey I* court adopted the *Apprendi* analysis used by the United States Supreme Court in *Descamps v. United States*, 570 U.S. 254, 278,

4

133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013). In this analysis, the sentencing court first must determine whether the statute of prior conviction or adjudication is divisible or nondivisible. A statute is nondivisible if it contains only one set of elements. If the prior statute contains only one set of elements, the sentencing court is limited to using the categorical approach in comparing the statutes, which prohibits the court from looking beyond the elements of the prior statute for purposes of comparing it to the elements of the comparable statute in Kansas in effect when the current crime of conviction was committed. *Dickey I*, 301 Kan. at 1037-39.

Unlike a nondivisible statute, a divisible statute contains multiple, alternative versions of the crime. If the statute is divisible, the sentencing court must determine if any of the alternative versions of the crime require the same elements as those of the corresponding Kansas statute in effect when the current crime of conviction was committed. If at least one of the alternative versions of the prior offense matches the elements of the corresponding statute in effect at the time the current crime of conviction was committed, the sentencing court may use a modified categorical approach. The modified categorical approach allows the sentencing court to engage in limited fact-finding to determine which set of statutory elements it should use for purposes of comparing that prior conviction or adjudication with the elements of the comparable offense in Kansas. So the modified categorical approach lets the court look at a few underlying facts from the prior conviction or adjudication, but not for sentencing purposes—only to determine which alternative set of elements in the prior statute it should use to compare it to the current comparable offense. *Dickey I*, 301 Kan. at 1037-38 (citing *Descamps*, 570 U.S. at 257-67).

Gales filed his appellate brief on March 17, 2016. Because the district court made its decision to deny Gales' motion to correct an illegal sentence before the Supreme Court issued its decision in *Dickey I*, Gales relied on this new decision to argue in his appellate brief that the case should be remanded to the district court so it could make a legal

comparison of Gales' 1976 California juvenile adjudication for burglary with the comparable Kansas version of the burglary statute:

> "The pre-sentence report on Mr. Gales, as amended, indicates that Mr. Gales was adjudicated to have committed burglary on January 1, 1976, in Placer County, California. The worksheet indicates that it was a juvenile adjudication. However, the determination of whether this is a person or nonperson felony becomes murkier. The pre-sentence investigation report specifically indicates that the Placer County burglary is, 'Burglary (residential)'. The report also indicates that the statute is K.S.A. 21-3715(a). . . . K.S.A. 21-3715 has two categories of burglary, differentiated by whether the structure is a 'dwelling' or not. If a building, manufactured home, mobile home, tent or other structure is a 'dwelling', it is a level 7 *person* felony. If the categories of structure specifically mentioned is <u>not</u> 'a dwelling', then it is a severity level 7 *nonperson* felony." (Emphasis added.)

Gales argued the record on appeal was insufficient to determine whether his prior California juvenile adjudication for burglary was a person or nonperson offense when compared to the version of the burglary statute in effect when the current crime of conviction was committed. As such, Gales submitted that the only "reasonable and practical remedy" was to remand the issue to the district court to make that determination.

The State opposed remand, arguing Gales was procedurally barred from receiving relief. In the event the panel decided Gales was not procedurally barred, however, the State conceded that addressing the merits would require a remand. Specifically, the State noted that, with the exception of an entry in Gales' 2001 criminal history worksheet described by the court services officer as a 1976 juvenile adjudication for "[b]urglary (residence)" committed in California, there was nothing in the record to identify the statute upon which Gales' prior juvenile adjudication was based. Thus, if not procedurally barred, the State agreed with Gales that the case should be remanded so the district court could identify the California statute, compare that statute with the version of the Kansas

6

burglary statute in effect when Gales committed his current crime of conviction, and ultimately decide whether it was proper to classify the California juvenile adjudication for burglary as a person offense. Significantly, and although neither party identified the California burglary statute, the State alleged in its appellate brief that the unidentified statute was divisible in nature and must be analyzed under the modified categorical approach set forth in *Dickey I* when comparing it to the Kansas statute.

In an opinion filed on September 30, 2016, a panel of this court found no merit to the procedural arguments presented by the State. *State v. Gales*, No. 114,027, 2016 WL 5844573 (Kan. App. 2016) (unpublished opinion) (*Gales II*). On the merits, the panel relied on the holding in *Dickey I* to find that the district court violated Gales' Sixth Amendment constitutional rights by summarily classifying the 1976 California juvenile burglary adjudication as a person offense for purposes of calculating criminal history. *Gales II*, 2016 WL 5844573, at *2-3 (citing *Dickey I*). In support of this finding, the *Gales II* panel appeared to rely, at least in part, on the fact that the district court did not identify the California statute, which was required in order to compare the California statute to the Kansas statute. 2016 WL 5844573, at *3.

With regard to the State's claim that the yet-to-be-identified California statute was a divisible statute, the *Gales II* panel noted that if the statute truly was divisible as the State argued, the district court did not use the "modified categorical approach" applicable to divisible statutes when it classified the 1976 California juvenile adjudication as a person offense for criminal history purposes. The *Gales II* panel ultimately vacated Gales' sentence and remanded the matter to the district court with directions to make additional findings under *Dickey I*, 301 Kan. at 1039-40, in order to determine whether Gales' prior California juvenile burglary adjudication should be classified as a person or nonperson offense for purposes of calculating his criminal history. *Gales II*, 2016 WL 5844573, at *3.

On October 7, 2016, the Supreme Court issued *State v. Dickey*, 305 Kan. 217, 220-22, 380 P.3d 230 (2016) (*Dickey II*), in which it extended the holding in *Dickey I* to challenges raised in motions to correct illegal sentences under K.S.A. 22-3504, like the one filed by Gales here. For ease of reference, we will refer to *Dickey I* and *Dickey II* collectively as "*Dickey*" from this point forward unless otherwise necessary to distinguish between the two cases.

On remand, the court held an evidentiary hearing on Gales' objection to his criminal history score. At the December 20, 2017 hearing, the State introduced testimony from a court services officer who investigated Gales' prior California juvenile burglary adjudication. The State also introduced fact-specific documents from California related to Gales' prior adjudication and the time Gales spent on probation. After hearing the testimony and reviewing the documents introduced into evidence by the State, the district court overruled Gales' objection to his criminal history score and found that Gales' 1976 California juvenile burglary adjudication should be considered a person offense. The district court made this decision based on the fact-specific documents from California presented at the hearing that indicated Gales' offense involved entry into a "residence." Gales filed a notice of appeal from the district court's decision on March 7, 2018.

On March 9, 2018, two days after Gales filed his notice of appeal, the Supreme Court decided *State v. Wetrich*, 307 Kan. 552, 412 P.3d 984 (2018). In *Wetrich*, the court held constitutional constraints require that, to be a comparable offense, a prior out-of-state crime must have identical or narrower elements than the Kansas offense to which it is being compared. 307 Kan. at 562. The briefs on appeal were filed after *Wetrich* was issued. In those briefs, the parties disagreed about whether the *Wetrich* decision was a substantive change in the law that precluded its retroactive application.

After the briefs were filed, the Legislature amended the statute governing correction of an illegal sentence, K.S.A. 22-3504. Two weeks later, the Kansas Supreme

Court issued an opinion holding that the legality of a sentence is controlled by the law in effect when the sentence was pronounced. See *State v. Newton*, 309 Kan. 1070, 1073, 442 P.3d 489 (2019) (implying that *Wetrich* was a change in the law). So, on June 11, 2019, this court ordered the parties to file supplemental briefs addressing any impact the amended law and the new case had on the issue presented.

As he did in *Gales II*, Gales argues in both his original and supplemental briefs that the sentencing court erred in classifying his 1976 California juvenile burglary adjudication as a person offense for criminal history purposes, which resulted in an illegal sentence. This time, however, Gales alleges the court improperly utilized the modified categorical approach in deciding that his prior juvenile adjudication should be classified as a person offense for purposes of criminal history. Gales claims the district court engaged in impermissible judicial fact-finding prohibited by *Apprendi*, *Descamps*, and *Dickey* when it looked at historical documents from his 1976 California juvenile burglary adjudication to determine whether the offense involved the burglary of a dwelling. Gales argues that the district court only was permitted to look at the historical documents to determine which alternative set of elements in the prior statute it should compare to the Kansas comparable offense in effect when the current crime of conviction was committed. As such, Gales contends the district court was prohibited from using the information in those documents to make a factual finding regarding whether the offense actually involved the burglary of a dwelling.

The State contends that this court need not reach the question of whether the district court improperly utilized the modified categorical approach because Gales is not entitled to have *Dickey* retroactively applied to his case. If we should find that the analysis set forth in *Dickey* does apply retroactively to Gales' claim of an illegal sentence, the State alternatively argues the district court properly utilized the modified categorical approach to classify his 1976 California juvenile burglary adjudication as a person offense for criminal history purposes.

9

ANALYSIS

Gales asserts his sentence is illegal. Because the Legislature deemed the amendments procedural and retroactive, we must use the definition of "illegal sentence" as set forth in K.S.A. 22-3504(c), as amended by L. 2019, ch. 59, §15:

"(1) 'Illegal sentence' means a sentence: Imposed by a court without jurisdiction; that does not conform to the applicable statutory provision, either in character or punishment; or that is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced. A sentence is not an 'illegal sentence' because of a change in the law that occurs after the sentence is pronounced.

"(2) 'Change in the law' means a statutory change or an opinion by an appellate court of the state of Kansas, unless the opinion is issued while the sentence is pending an appeal from the judgment of conviction."

Gales challenges his sentence based on the second definition of an illegal sentence: that his sentence does not conform to the applicable statutory provision in terms of the punishment authorized. Specifically, Gales argues that the sentencing court misclassified his 1976 California juvenile burglary adjudication as a person offense in calculating his criminal history score under K.S.A. 2018 Supp. 21-6811(e) by using a process that looked beyond the prior statute to the underlying facts of his prior California offense. Gales argues the classification process used by the district court violated his constitutional rights as set forth in the United States Supreme Court decisions in *Apprendi* and *Descamps*, as applied by the Kansas Supreme Court in *Dickey*.

But the State claims that *Dickey* cannot be retroactively applied in this case because it effectively overruled the statutory classification process in K.S.A. 2000 Supp. 21-4711 and therefore constitutes a "change in the law" under K.S.A. 22-3504(c) (amended 2019) that cannot be applied retroactively. See L. 2019, ch. 59, § 15. Because Gales' claim of illegal sentence is based on *Dickey*, we must first address the State's claim

10

that *Dickey* cannot be retroactively applied here because it constitutes a change in the law.

1. *Retroactivity of* Dickey

In support of its claim that *Dickey* must be considered a change in the law, the State argues *Dickey* "effectively overruled" the version of K.S.A. 21-4711(d) in effect when Gales was sentenced. *Dickey* held that, under the rule announced in *Apprendi*, a sentencing court is constitutionally prohibited from enhancing a defendant's current sentence by making findings of fact that go beyond merely finding the existence of a prior conviction when classifying prior in-state burglaries as person or nonperson offenses. Because of this constitutional prohibition, the *Dickey I* court held the comparability classification process must be limited to comparing the elements of the prior statute of conviction or adjudication to the elements of the corresponding statute in effect at the time the current crime of conviction was committed. 301 Kan. at 1039-40.

At the time Gales committed the current crime of conviction in 2000, K.S.A. 21-4711(d) provided as follows:

> "(d) Prior burglary adult convictions and juvenile adjudications will be scored for criminal history purposes as follows:
>
> (1) As a prior person felony if the prior conviction or adjudication was classified as a burglary as described in subsection (a) of K.S.A. 21-3715 and amendments thereto.
>
> (2) As a prior nonperson felony if the prior conviction or adjudication was classified as a burglary as described in subsection (b) or (c) of K.S.A. 21-3715 and amendments thereto.
>
> "The facts required to classify prior burglary adult convictions and juvenile adjudications must be established by the state by a preponderance of the evidence."
> K.S.A. 2000 Supp. 21-4711(d).

11

In 2011, K.S.A. 21-4711(d) was renumbered to K.S.A. 21-6811(d), but the language of the subsection remained the same. L. 2010, ch. 136, § 292. In fact, although the Legislature recently made major revisions to K.S.A. 21-6811 during the 2019 legislative session, the substantive language in subsection (d) remains unchanged from the language of K.S.A. 21-4711(d) in effect in 2000, when Gales committed his current crime of conviction. L. 2019, ch. 59, § 13.

We find no inconsistencies between the holding in *Dickey* and the statutory language of K.S.A. 2018 Supp. 21-6811(d). *Dickey* did not overrule any part of the classification procedure set forth in 21-6811(d) but instead applied the constitutional mandate in *Apprendi* to that statutory process. Because it did not overrule 21-6811(d), we find no merit to the State's argument that *Dickey* is a change in the law under K.S.A. 22-3504(c) (amended 2019) that must not be applied retroactively.

Notwithstanding our finding in this regard, we readily acknowledge the fact that, after the amendments to K.S.A. 22-3504(c) became effective on May 23, 2019, our Supreme Court issued several opinions addressing whether *Dickey* should be retroactively applied to reclassify prior burglary convictions as nonperson felonies for purposes of calculating criminal history. See *State v. Tauer*, 310 Kan. 1, 444 P.3d 936, 937 (2019); *State v. McAlister*, 310 Kan. 86, 444 P.3d 923, 925-27 (2019); *State v. Dawson*, 310 Kan. 112, 444 P.3d 914, 917-18 (2019). All three of these opinions were filed on the same day. Although the court resolved the *Dickey* retroactivity issue under different facts than the ones presented here, its analysis is helpful in resolving the retroactivity issue presented in this case.

The court began its analysis in each of its decisions by reiterating the interpretive rule it recently had set forth in *State v. Murdock*, 309 Kan. 585, 591, 439 P.3d 307 (2019) (*Murdock II*), which holds that

12

"the legality of a sentence under K.S.A. 22-3504 is controlled by the law in effect at the time the sentence was pronounced. The legality of a sentence is fixed at a discrete moment in time—the moment the sentence was pronounced. At that moment, a pronounced sentence is either legal or illegal according to then-existing law. Therefore, for purposes of a motion to correct an illegal sentence, neither party can avail itself of subsequent changes in the law."

*Murdock II* expressly states that its holding is not to be construed as deviating from the longstanding rule that a defendant will receive the benefit of any change in the law that occurs while the defendant's direct appeal is pending. 309 Kan. at 591. And finally, *Murdock II* clarifies that while "true changes in the law cannot transform a once legal sentence into an illegal sentence," there might be "developments in the law [that] may shine new light on the original question of whether the sentence was illegal when pronounced." 309 Kan. at 592.

Relying on *Murdock II*, the Supreme Court resolved the issue presented in *Tauer*, *McAlister*, and *Dawson* by finding that *Dickey* did not retroactively apply in those particular cases. Although acknowledging, as it did in *Murdock II*, that its focus was on "true" change in the law, the Supreme Court's decision was grounded in its finding that the rule from *Dickey* was based on the true change in law established in *Apprendi*. Because it constituted a true change in the law, the court held *Apprendi* did not apply to a case that was final before it was decided. *Tauer*, 444 P.3d at 937; *McAlister*, 444 P.3d at 925-27; *Dawson*, 444 P.3d at 917-18. This holding is consistent with the Supreme Court's decision in *Gould*, which expressly held that the constitutional rule announced in *Apprendi* has no retroactive application to cases final as of June 26, 2000, the date *Apprendi* was decided. 271 Kan. at 414. Notably, *Gould* clarified that the *Apprendi* rule must be applied to all cases pending on direct appeal, cases which are not yet final, or cases which arose after June 26, 2000. 271 Kan. at 414.

Relevant to the retroactivity issue presented here, the *Dawson* court acknowledged defendant's argument that *Dickey* was not a change in the law but instead was an application of the constitutional rule announced in *Apprendi* and clarified by *Descamps*. But the court ultimately did not address this argument because, even if true, it did not affect the outcome in Dawson's case given his original sentence was final years before *Apprendi* was decided. *Dawson*, 444 P.3d at 917-18.

In this case, Gales was sentenced in 2001. His sentence became final on November 14, 2003. Based on the language in K.S.A. 22-3504(c) (amended 2019) codifying the longstanding rule that a defendant will receive the benefit of any change in the law that occurs while the defendant's direct appeal is pending, Gales is entitled to receive the benefit of the constitutional rule announced in *Apprendi* because his conviction became final after the rule in *Apprendi* was announced. This significant distinction necessarily renders the holdings in *Tauer*, *McAlister*, and *Dawson* inapplicable under the facts presented here. As such, we must answer the question that the Kansas Supreme Court left unanswered in *Dawson*: Is the court's holding in *Dickey* a true change in the law as contemplated by K.S.A. 22-3504 (amended 2019)?

A review of the *Dickey* decision itself weighs in favor of a finding that the decision does not represent a true change in the law. See *Dickey I*, 301 Kan. at 1021 ("[C]lassifying Dickey's prior burglary adjudication as a person felony violates his constitutional rights as described under *Descamps* and *Apprendi*."); see also *Gould*, 271 Kan. at 414 ("[T]he new constitutional sentencing rule established by *Apprendi* must be applied here and in all cases pending on direct appeal or which are not yet final or which arose after June 26, 2000.").

The analysis conducted by our Supreme Court in *Murdock II* also supports a finding that the rule in *Dickey* does not represent a true change in the law. In *Murdock II*, the court expressed its intention that it did not intend to foreclose the possibility that

14

developments in the law might call for a reassessment of the original legality of the sentence at the time of pronouncement; to the contrary, its focus was on "true changes in the law." 309 Kan. at 592. And, although the facts are distinguishable, the legal analysis by the court in *Tauer*, *McAlister*, and *Dawson* supports a finding that the rule in *Dickey* does not represent a true change in the law. See *Tauer*, 444 P.3d at 937 (finding that rule announced in *Apprendi* was true change in law and that rule in *Dickey* was based on legal principles set forth in *Apprendi*); *McAlister*, 444 P.3d at 925-27 (same); *Dawson*, 444 P.3d at 917-18 (same).

Although filed before the Supreme Court issued its opinion in *Murdock II*, several panels from our court have held *Dickey* does not represent a true change in the law. See *State v. Thomas*, 53 Kan. App. 2d 15, 24, 383 P.3d 152 (2016) ("[T]he court's holding in *Dickey* is not a 'change in the law' under [a retroactivity] analysis, but rather an application of the constitutional rule announced in *Apprendi* and clarified by *Descamps*."); *State v. Martin*, 52 Kan. App. 2d 474, 484, 369 P.3d 959 (2016) ("*Apprendi* was the basis for the ultimate holding in *Dickey*. *Descamps* provided a means by which to determine whether certain sentencing determinations violated *Apprendi*, and *Dickey* applied that framework to Kansas criminal history determinations. [Citations omitted.]"); *State v. Hopkins*, No. 114,300, 2016 WL 4735093, at *2 (Kan. App. 2016) (unpublished opinion) (rule of *Dickey* applies in criminal cases pending when *Apprendi* decided or filed thereafter); *State v. Barnes*, No. 114,107, 2016 WL 5853096, at *2-3 (Kan. App. 2016) (unpublished opinion) (*Dickey* not a change in the law but application of *Apprendi*).

Finally, a finding that the rule in *Dickey* is not a change in the law but merely an application of the new legal rule announced in *Apprendi* also is supported by post-*Apprendi* decisions issued by the United States Supreme Court. In *Descamps*, the Court concluded that *Apprendi* is implicated when a district court, for purposes of enhancing a defendant's sentence for a current conviction, makes findings of fact at sentencing that go

15

beyond merely finding the existence of a prior conviction or the statutory elements that made up the prior conviction. *Descamps*, 570 U.S. at 269-70. In coming to this conclusion, the *Descamps* Court noted that its prior caselaw "all but resolves this case." 570 U.S. at 260. In *Mathis v. United States*, 579 U.S. ___, 136 S. Ct. 2243, 2251-57, 195 L. Ed. 2d 604 (2016), the Court distinguished between alternative elements and alternative means of proving a single element, noting that alternative means or facts were not subject to the modified categorical approach discussed in *Descamps*. In reaching its decision, the Court expressly stated that prior caselaw "make[s] this a straightforward case." *Mathis*, 136 S. Ct. at 2257.

Based on the discussion above, we find the rule set forth in *Dickey* is not a "change in the law" as contemplated by K.S.A. 22-3504(c) (amended 2019). Because it is not a change in the law, we will apply the rule set forth in *Dickey* to Gales' claim of illegal sentence here.

2. *Classification of prior California burglary adjudication*

When Gales' sentence became final on November 14, 2003, the applicable sentencing rule for classifying prior out-of-state convictions provided:

> "Out-of-state convictions and juvenile adjudications will be used in classifying the offender's criminal history. An out-of-state crime will be classified as either a felony or a misdemeanor according to the convicting jurisdiction. If a crime is a felony in another state, it will be counted as a felony in Kansas. The state of Kansas shall classify the crime as person or nonperson. In designating a crime as person or nonperson comparable offenses shall be referred to. If the state of Kansas does not have a comparable offense, the out-of-state conviction shall be classified as a non-person crime. . . . The facts required to classify out-of-state adult convictions and juvenile adjudications must be established by the state by a preponderance of the evidence." K.S.A. 2003 Supp. 21-4711(e).

16

As we noted above, K.S.A. 21-4711(e) was renumbered to K.S.A. 21-6811(e) in 2011, but the substantive language of the subsection remained the same. L. 2010, ch. 136, § 292. Relevant here, the Legislature amended the statute in 2015 to clarify that "[i]n designating a crime as person or nonperson, comparable offenses *under the Kansas criminal code in effect on the date the current crime of conviction was committed* shall be referred to." (Emphasis added.) L. 2015, ch. 5, § 2 (House Bill 2053). The Legislature expressly deemed the amendment in House Bill 2053 to be retroactive. So, House Bill 2053 is not a change in the law as contemplated by K.S.A. 22-3504(c) (amended 2019), and the language added by House Bill 2053 must continue to be applied retroactively. See *State v. Bernhardt*, 304 Kan. 460, 479, 372 P.3d 1161 (2016) ("In general, 'a statute operates only prospectively unless there is clear language indicating the legislature intended otherwise.'"). Significantly, this means that the sentencing court's 21-6811 classification analysis must compare the out-of-state prior crime to the comparable Kansas offense in effect on the date the current crime of conviction was committed— even when the current offense occurred before House Bill 2053 became effective.

In 2015 and 2018, the Legislature amended K.S.A. 21-6811(e) again, but this time with regard to classification of prior out-of-state convictions and juvenile adjudications as felonies and misdemeanors. Those changes are not relevant here. Although the 2019 Kansas Legislature made extensive amendments to the substance of K.S.A. 21-6811(e), it did not express any intent that those amendments should be construed or applied retroactively. See L. 2019, ch. 59, § 13. And neither party argues that the 2019 amendments to K.S.A. 21-6811 should apply to this case. As such, we will not address the 2019 amendments in this opinion. See *Bernhardt*, 304 Kan. at 479 ("In general, 'a statute operates only prospectively unless there is clear language indicating the legislature intended otherwise.'").

17

Given the retroactivity of the 2015 amendment in House Bill 2053 and the lack of any other relevant change to K.S.A. 2018 Supp. 21-6811(e) (formerly K.S.A. 21-4711[e]) from November 14, 2003, to May 22, 2019, the following statutory rule has endured:

"The state of Kansas shall classify the crime as person or nonperson. In designating a crime as person or nonperson, comparable offenses under the Kansas criminal code in effect on the date the current crime of conviction was committed shall be referred to. If the state of Kansas does not have a comparable offense in effect on the date the current crime of conviction was committed, the out-of-state crime shall be classified as a nonperson crime." K.S.A. 2018 Supp. 21-6811(e)(3).

Notwithstanding this enduring statutory rule, Kansas courts have long grappled with how to interpret the meaning of the term "comparable offenses." In *State v. Vandervort*, 276 Kan. 164, 179, 72 P.3d 925 (2003), *overruled on other grounds by Dickey I*, 301 Kan. 1018, our Supreme Court held that the offenses "need only be comparable, not identical," meaning the Kansas statute that was the "closest approximation" to the out-of-state offense was a comparable offense. The court continued to define "comparable offense" as set forth in *Vandervort* until 2018, when it decided *Wetrich*, 307 Kan. 552. In *Wetrich*, the court held constitutional constraints require that, to be a comparable offense, a prior out-of-state crime must have identical or narrower elements than the Kansas offense to which it is being compared. 307 Kan. at 562.

But recent decisions by our Supreme Court have cut off the retroactive application of *Wetrich* by classifying it as a change in law. See *State v. Weber*, 309 Kan. 1203, 1209, 442 P.3d 1044 (2019) (explicitly holding that "*Wetrich* was a change in the law"); *State v. Newton*, 309 Kan. 1070, 1072-74, 442 P.3d 489 (2019) (implying that *Wetrich* was change in law). Accordingly, if a defendant was sentenced under the pre-*Wetrich* "comparable, not identical" or "closest approximation" approach to classification of a prior out-of-state crime as a person or nonperson offense, then that sentence cannot

18

become illegal based on the identical-or-narrower definition of "comparable offense" adopted by the court in *Wetrich*. See *Weber*, 309 Kan. at 1209.

Gales was convicted and sentenced in 2001. His conviction and sentence became final when the mandate was issued on November 14, 2003. Therefore, we must determine whether Gales' sentence was legal when it became final in 2003. See *Murdock II*, 309 Kan. at 591 (confirming established rule that defendant will receive benefit of change in law that occurs while his or her case is pending on direct appeal). *Wetrich* was not decided until 2018, long after Gales' sentence became final in 2003. Because our Supreme Court has held that the identical-or-narrower definition of "comparable offenses" announced in *Wetrich* constitutes a change in the law, Gales does not get the benefit of the holding in *Wetrich*. Instead, we must apply the rule in *Vandervort*, which held that the offenses "need only be comparable, not identical" and therefore the Kansas statute that was the "closest approximation" to the out-of-state offense was a comparable offense. 276 Kan. at 179. To apply the comparability rule in *Vandervort*, we must determine whether the statutory elements of the prior conviction or adjudication are comparable (although not identical) to a Kansas statute in effect on the date that the current crime of conviction occurred. If they are, then the prior conviction or adjudication will be classified as a person or nonperson offense consistent with the comparable Kansas statute. If Kansas does not have a comparable offense in effect on the date the current crime of conviction was committed, the prior out-of-state conviction or adjudication must be classified as a nonperson crime.

At the time of Gales' California burglary adjudication, Cal. Penal Code § 459 provided:

> "Every person who enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse or other building, tent, vessel, railroad car, trailer coach . . . vehicle . . . when the doors of such vehicle are locked, aircraft . . . mine

19

or any underground portion thereof, with intent to commit grand or petit larceny or any felony is guilty of burglary."

In addition, California law categorized burglary into degrees. First-degree burglary was defined as a

"burglary of an inhabited dwelling house, trailer coach . . . or building committed in the nighttime, and every burglary, whether in the daytime or nighttime, committed by a person armed with a deadly weapon, or who while in the commission of such burglary arms himself [or herself] with a deadly weapon, or who while in the commission of such burglary assaults any person." Cal. Penal Code § 460(1).

All other kinds of burglary constituted second-degree burglary. Cal. Penal Code § 460(2).

In determining whether there is a comparable Kansas offense, we look to the Kansas criminal statutes in effect at the time Gales committed his current crime of conviction. See K.S.A. 2018 Supp. 21-6811(e)(3). When Gales committed his current crimes in 2000, Kansas defined burglary as follows:

"Burglary is knowingly and without authority entering into or remaining within any:
(a) Building, manufactured home, mobile home, tent or other structure which is a dwelling, with intent to commit a felony, theft or sexual battery therein;
(b) building, manufactured home, mobile home, tent or other structure which is not a dwelling, with intent to commit a felony, theft or sexual battery therein; or
(c) motor vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property, with intent to commit a felony, theft or sexual battery therein." K.S.A. 21-3715.

Burglary of a dwelling as described in subsection (a) was classified as a person felony. However, burglary as defined in either subsection (b) or (c) was classified as a

20

nonperson felony. See K.S.A. 21-3715. If Gales' California burglary adjudication under Cal. Penal Code § 459 is comparable to the crime of burglary as defined by K.S.A. 21-3715(a), then the prior adjudication must be classified as a person offense. If Gales' California burglary adjudication under Cal. Penal Code § 459 is comparable to the crime of burglary as defined by K.S.A. 21-3715(b) or (c), then the prior adjudication must be classified as a nonperson offense.

Back in 2016, when the *Gales II* court was presented with this identical issue, the panel highlighted in its opinion the fact that the district court failed to identify the California statute under which Gales was adjudicated, which was required in order to compare the California statute to the Kansas statute. See *Gales II*, No. 114,027, 2016 WL 5844573, at *3. As requested by the parties, the *Gales II* panel ultimately vacated Gales' sentence and remanded the matter to the district court with directions to make additional findings under *Dickey* in order to determine whether Gales' prior California burglary adjudication should be scored as a person or nonperson offense. In retrospect, the opinion issued by the *Gales II* court was less than clear in explaining why remand was required, what additional findings were needed, and how the court should utilize those additional findings. Frankly, the district court did the best it could to decipher the directions on remand. Given the factual and procedural history as described above, however, we belatedly now explain that remand was necessary to identify the California statute upon which Gales' prior adjudication was based and then to determine whether the California statute contained only one set of elements (nondivisible) or multiple, alternative versions of the crime (divisible).

If the court determined that the California statute was nondivisible, the court was required to use the categorical approach to determine whether the elements of the California statute were comparable, but not identical, to the Kansas statute in effect at the time Gales committed his current crime of conviction. If the California statute was divisible—as the State specifically argued in its *Gales II* appellate brief—the district

21

court was required to determine whether any of the alternative versions of the prior crime corresponded to the Kansas statute in effect at the time Gales committed his current crime of conviction. If at least one of the alternative versions of the prior offense corresponded to the relevant Kansas statute, the sentencing court was permitted to use a modified categorical approach to determine which alternative version of the prior statute should be used for the statutory comparability analysis. Under the modified categorical approach, the court is permitted to look at a few underlying facts from the prior conviction, *but not for sentencing purposes*; the underlying facts can only be utilized to determine which alternative version of the prior statute should be used to compare it to the current Kansas comparable offense. *Dickey*, 301 Kan. at 1037-38 (citing *Descamps*).

On remand, the State introduced documents from California relating to Gales' prior adjudication. These documents included the amended petition charging Gales with entry, which stated:

> "COUNT I: Said minor, on or about August 30, 1975, in the County of Placer, State of California, did wil[l]fully enter the RESIDENCE and building occupied by NATHAN KELLER with the intent to commit a felony and theft therein; thereby violating Section 459 of the Penal Code."

The State also introduced the court's order finding Gales guilty of the charges set forth in the petition. Given the facts as charged in the amended petition and the California court order finding Gales guilty of those charges, the State argued that the burglary adjudication should be classified as a person offense consistent with the version of Cal. Penal Code § 460 deeming burglary of an inhabited dwelling as a burglary of the first degree. In response, Gales argued the State failed to provide any documentation to establish the severity of the offense he committed. Gales noted that the documentation submitted referred to only the general burglary statute, Cal. Penal Code § 459, and made no mention of the severity level of the offense or Cal. Penal Code § 460, which is the

22

statute governing severity classification for the crime of burglary under Cal. Penal Code § 459. For these reasons, Gales argued his crime must be considered a burglary in the second degree.

The district court ultimately held that the prior California adjudication should be classified as a person offense because the documents reviewed established that Gales' offense involved entry into a "residence," which was comparable to the dwelling requirement in K.S.A. 21-3715(a). Although we agree with the district court's decision to classify the prior California crime as a person offense, we find the process used by the district court to reach that decision violated the constitutional rule established in *Apprendi* and adopted by our Supreme Court in *Gould*, which prohibits a sentencing court from enhancing a defendant's current sentence by making findings of fact that go beyond merely finding the existence of a prior conviction. *Apprendi*, 530 U.S. at 490; *Gould*, 271 Kan. at 414. Specifically, the court used the facts set forth in the charging document and order of conviction, instead of the statute of conviction, to determine whether the prior California crime was comparable to the Kansas statute in effect when Gales committed his current crime of conviction in 2000. Because the statute of prior conviction has been identified, we are in a position to engage in the statutory comparability analysis required under K.S.A. 2018 Supp. 21-6811(e). We do so now.

Utilizing the classification process set forth in *Dickey*, we first must determine whether Cal. Penal Code § 459 was a divisible statute in 1976 at the time Gales was adjudicated under that statute. The State argues, as it did below, that the burglary statute is divisible because Cal. Penal Code § 459 must be read in conjunction with Cal. Penal Code § 460, which deems burglary of an inhabited dwelling house as a burglary of the first degree. But Gales was not charged or convicted under Cal. Penal Code § 460. And there is nothing in the record on appeal to establish that Gales was charged or convicted of burglary in the first degree. Gales was charged with burglary under § 459 and found

23

guilty under that statute. So, contrary to the State's argument, our divisibility analysis will focus solely on § 459.

At the time of Gales' prior adjudication, § 459 contained only one set of elements. See Cal. Penal Code § 459. Because it did not contain multiple, alternative versions of the crime, we are constitutionally prohibited by *Apprendi*, *Descamps*, and *Dickey* from utilizing the modified categorical approach. Specifically, we cannot look beyond the language in § 459 to determine whether the Kansas statute in effect at the time the current crime was committed was comparable under K.S.A. 2018 Supp. 21-6811(d). Relevant here, § 459 defined burglary in 1976 as entry into "any house" with "intent to commit grand or petit larceny or any felony." When Gales committed his current crimes in 2000, Kansas classified burglary as a person offense when the defendant "knowingly and without authority enter[ed] into or remain[ed] within any . . . [b]uilding, manufactured home, mobile home, tent or other structure which is a dwelling, with intent to commit a felony, theft or sexual battery therein."

We find the 1976 version of Cal. Penal Code § 459, which defined the crime to include burglary of a house, is comparable, but not identical, to K.S.A. 21-3715(a), which defined the crime to include burglary of a dwelling. See *Vandervort*, 276 Kan. at 179 (offenses need only be comparable, not identical, for purposes of determining criminal history). As such, we affirm the district court's decision to classify Gales' prior California juvenile burglary adjudication as a person crime when calculating his criminal history score. See *State v. Williams*, 303 Kan. 585, 595, 363 P.3d 1101 (2016) (affirming judgment as right for the wrong reasons).

Affirmed.