NOT DESIGNATED FOR PUBLICATION

No. 121,789

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

SIDNEY W. CLARK,
*Appellee*.

MEMORANDUM OPINION

Appeal from Reno District Court; TIMOTHY J. CHAMBERS, judge. Opinion filed April 17, 2020. Sentence vacated and case remanded with directions.

*Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellant.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, for appellee.

Before POWELL, P.J., HILL and STANDRIDGE, JJ.

POWELL, J.: This appeal marks the parties' second trip to our court to resolve how to properly score Sidney W. Clark's 2000 Oklahoma conviction for placing bodily fluids upon a government employee for criminal history purposes. For reasons we will explain, the district court got it right the first time when it scored this conviction as a person felony.

Shifting sentencing jurisprudence emanating from the Kansas Supreme Court compelled our earlier decision in *State v. Clark*, No. 119,076, 2019 WL 1746772, at *6 (Kan. App. 2019) (unpublished opinion), which held, relying on *State v. Wetrich*, 307

1

Kan. 552, Syl. ¶ 3, 412 P.3d 984 (2018), that the identical-or-narrower rule required Clark's Oklahoma conviction to be scored as a nonperson felony. However, on the same day we issued our decision in *Clark*, our Supreme Court released *State v. Murdock*, 309 Kan. 585, 439 P.3d 307 (2019) (*Murdock II*), which limited *Wetrich*'s application by clarifying that the legality of a sentence under K.S.A. 2018 Supp. 22-3504 is controlled by the law in effect at the time the sentence was pronounced.

Because *Wetrich*'s identical-or-narrower rule had not been issued at the time Clark was originally sentenced in 2005, it was inapplicable at both Clark's original 2005 sentencing and, our earlier decision notwithstanding, his August 2019 resentencing. Nevertheless, the district court felt bound by our mandate to reclassify Clark's Oklahoma conviction as a nonperson felony anyway, thus reducing Clark's criminal history score to a C. While we appreciate the district court's adherence to our mandate, a change in the law imposed by a controlling authority trumps any such mandate, and the district court erred in sentencing Clark in accordance with *Wetrich*. Accordingly, we must again vacate Clark's sentence and remand for resentencing.

FACTUAL AND PROCEDURAL BACKGROUND

Pursuant to a plea agreement, on February 18, 2005, Clark pled guilty to one count of aggravated criminal sodomy, a severity level 2 person felony. In return for his guilty plea, the State dismissed the additional pending charges of one count of aggravated kidnapping, two counts of rape, three counts of aggravated criminal sodomy, one count of aggravated burglary, and one count of robbery.

At Clark's sentencing on June 9, 2005, the district court determined his criminal history score was B based in part on a 2000 Oklahoma conviction for placing bodily fluids on a government employee, which the district court scored as a person felony.

After denying Clark's motion for a downward departure, the district court sentenced Clark to the aggravated term of 460 months in prison.

On April 25, 2017, Clark filed a pro se motion to correct illegal sentence under K.S.A. 22-3504. Clark argued his Oklahoma conviction for placing bodily fluids on a government employee under Okla. Stat. tit. 21, § 650.9 (1999), was not comparable to any Kansas criminal statute. Clark alleged that after law enforcement sprayed him with pepper foam spray, he was involuntarily spitting and retching. Clark claimed these involuntary acts led to his conviction for placing bodily fluids on a government employee under the Oklahoma statute. Clark identified K.S.A. 2003 Supp. 21-3413(a)(1) as the Kansas statute most likely to be used for comparison, which criminalizes battery against a law enforcement officer and is a person crime. In arguing that the statutes were not comparable, Clark emphasized the fact the Kansas statute required intentional contact with another person when done in a rude, insulting, or angry manner. See K.S.A. 2003 Supp. 21-3413; K.S.A. 2003 Supp. 21-3412(a)(2). Clark argued his accidental act of spitting would not likely have qualified as "rude, insulting, or angry behavior" under the Kansas statute.

The district court disagreed, holding Okla. Stat. tit. 21, § 650.9, is comparable to K.S.A. 2003 Supp. 21-3413(a)(3), battery against a law enforcement officer. In its written decision, the district court stated: "[T]he statutes do not need to be identical with identical elements. The statutes being compared must be comparable." The district court found the statutes comparable and ruled Clark's Oklahoma offense was properly classified as a person felony for criminal history purposes.

Clark successfully appealed to this court, and we vacated his sentence and remanded for resentencing with directions to reclassify his Oklahoma conviction as a nonperson offense for criminal history purposes in accordance with the ruling in *Wetrich*. *Clark*, 2019 WL 1746772, at *6.

The State did not file a petition for review, and a mandate was issued. On remand, a new presentence investigation (PSI) report was prepared showing Clark's criminal history score to be C with a presumptive prison range of 194-216 months. Clark's prior Oklahoma conviction for placing bodily fluids upon a government employee was scored as a nonperson felony.

Resentencing was scheduled for the morning of July 12, 2019. At the start of the hearing, the district court expressed confusion as to the rapidly evolving caselaw regarding the applicability of *Wetrich*. The district court decided to continue the hearing to allow the parties to present their positions based on the new caselaw, stating:

> "So what the court is going to do to make sure we do this correctly it's going to be set for a special setting and counsel will be prepared to present to the court what they think the present law is in regards to in state/out of state convictions based upon Wetrich and the multitude of decisions that have been handed down in the last month or so. Plus the new statutory amendment."

Both Clark and the State filed written memoranda regarding their arguments on the appropriate law for resentencing.

On August 16, 2019, the district court resentenced Clark to 216 months in prison. Over the State's objection, the district court applied the holding in *Wetrich* and ruled Clark's criminal history score should be C in accordance with the mandate from out court. The district judge stated:

> "Just for purposes of the record, the Court of Appeals remanded with directions to this court to resentence the defendant as a criminal history score [C]. The court, when I originally sentenced Mr. Clark, believed the criminal history score was B as did both the state and defense counsel at that time.

"There's been a number of changes in case law and the statutory law over the years concerning criminal history score including very recent. I asked both counsel to brief the issue of the effect of the new case law and/or new statutory law. The bottom line is, this court does not in its view have the authority to overrule the Kansas Court of Appeals and I was specifically directed by the Kansas Court of Appeals to sentence the defendant as a criminal history score C.

"I gave the maximum sentence I could before. The maximum sentence is clearly applicable now. But I think the only option the state has is to appeal the court's ruling to either the Court of Appeals and see if the Court of Appeals, a different panel thinks they can overrule themselves or the Kansas Supreme Court. But I do not find I have the authority to overrule the Kansas Court of Appeals."

The State timely appeals the district court's sentence.

*The district court erred in applying the identical-or-narrower rule at resentencing.*

The State argues Clark's sentence is illegal because the district court erroneously classified his 2000 Oklahoma conviction for placing bodily fluids upon a government employee under Okla. Stat. tit. 21, § 650.9 as a nonperson felony. The State contends the district court erroneously applied the identical-or-narrower rule as set forth in *Wetrich*, and it asks us to reinstate the original sentence.

The question of whether a district court has properly classified a prior conviction as a person or nonperson offense involves the interpretation of the Kansas Sentencing Guidelines Act (KSGA), K.S.A. 2019 Supp. 21-6801 et seq. Issues of statutory interpretation and the classification of prior crimes for criminal history purposes, as well as the determination of whether a sentence is illegal, are all questions of law subject to unlimited review. *State v. Sartin*, 310 Kan. 367, 369, 446 P.3d 1068 (2019).

5

Relevant here is the statute defining an illegal sentence, K.S.A. 2019 Supp. 22-3504(c), which provides:

"(1) 'Illegal sentence' means a sentence: Imposed by a court without jurisdiction; that does not conform to the applicable statutory provision, either in character or punishment; or that is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced. A sentence is not an 'illegal sentence' because of a change in the law that occurs after the sentence is pronounced.

"(2) 'Change in the law' means a statutory change or an opinion by an appellate court of the state of Kansas, unless the opinion is issued while the sentence is pending an appeal from the judgment of conviction."

Our Legislature has deemed the 2019 amendments to K.S.A. 22-3504(c) to be procedural and retroactive. See K.S.A. 2019 Supp. 22-3504(d). As noted, it also clarified a change in the law encompasses opinions "by an appellate court of the state of Kansas, unless the opinion is issued while the sentence is pending an appeal from the judgment of conviction." K.S.A 2019 Supp. 22-3504(c)(2). As such, our Legislature has clearly indicated a sentence that is legal when pronounced does not become illegal due to a change in the law.

The criminal history worksheet portion of Clark's PSI report includes a 2000 Oklahoma conviction for "Placing Bodily Fluids upon Government Employee" under Okla. Stat. tit. 21, § 650.9. When classifying an out-of-state conviction for criminal history purposes, the first step is to determine whether the convicting jurisdiction classifies the prior conviction as a felony or misdemeanor. See K.S.A. 2019 Supp. 21-6811(e)(2). The parties do not dispute the Oklahoma crime is a felony under Okla. Stat. tit. 21, § 650.9.

6

The second step requires a determination of whether the crime should be classified as a person or nonperson offense. This is done by comparing the prior out-of-state conviction with the comparable Kansas offense in effect at the time the defendant committed the current crime of conviction. See K.S.A. 2019 Supp. 21-6811(e)(3); *State v. Keel*, 302 Kan. 560, 590, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016). The comparable Kansas offense need not be identical. *State v. Vandervort*, 276 Kan. 164, 179, 72 P.3d 925 (2003). If there is no comparable Kansas offense, then the prior out-of-state conviction must be classified as a nonperson crime. K.S.A. 2019 Supp. 21-6811(e)(3).

Here, neither party addresses the merits of the comparability of the Oklahoma crime to the Kansas crime. However, at Clark's original sentencing in 2005, the district court ruled Clark's 2000 Oklahoma conviction for placing bodily fluids upon a government employee, contrary to Okla. Stat. tit. 21, § 650.9, was comparable to K.S.A. 2003 Supp. 21-3413 (now K.S.A. 2019 Supp. 21-5413 [c][1]), battery against a law enforcement officer, a person crime, thus requiring the Oklahoma crime to be classified as a person felony. We agree because even though Oklahoma's statute does not contain an intent element, it involves a touching comparable to our battery statute. See *State v. Davis*, No. 116,749, 2017 WL 6625550, at *3 (Kan. App. 2017) (unpublished opinion) (Oregon statute criminalizing throwing bodily substances at corrections officers comparable to Kansas person crime of battery). Thus, the district court got it right the first time when it classified the Oklahoma offense as a person felony.

*Clark claims the district court's ruling should stand.*

Nevertheless, Clark provides two reasons why we should allow the district court's resentencing order to stand.

First, Clark relies on the mandate rule, arguing that because the State did not file a petition for review from this court's holding in *Clark* and the mandate was subsequently

issued, the district court was bound to follow that mandate. The question of whether a district court properly complied with the mandate rule presents an issue of law subject to unlimited review. *State v. Soto*, 310 Kan. 242, 256, 445 P.3d 1161 (2019).

Under the mandate rule, an appellate court's mandate along with its accompanying opinion become part of the judgment of the court if it is determinative of the action or controls any further proceedings in the district court. K.S.A. 60-2106(c). Generally, a district court's jurisdiction on remand is limited to compliance with the holding as set forth in the appellate court's opinion. See 310 Kan. at 256. In *State v Collier*, 263 Kan. 629, Syl. ¶ 4, 952 P.2d 1326 (1998), our Supreme Court pronounced a district court "must implement both the letter and spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces."

However, another panel of our court noted:

"[T]he Tenth Circuit Court of Appeals recognizes an exception to . . . the mandate rule[] when there has been an intervening change of applicable law by a controlling authority. In *Grigsby v. Barnhart*, 294 F.3d 1215, 1218-19 (10th Cir. 2002), the court held that intervening clarifying legislation justified a court's reconsideration of remand instructions." *State v. Montanez*, No. 114,473, 2017 WL 749031, at *2 (Kan. App. 2017) (unpublished opinion).

To the extent Clark is arguing the law of the case doctrine compelled the district court's ruling, the same exception applies. See *State v. Kleypas*, 305 Kan. 224, Syl. ¶¶ 3, 4, 382 P.3d 373 (2016) (recognizing exception to law-of-the-case doctrine—similar to mandate rule—when controlling authority has made contrary decision regarding law at issue after it was originally decided).

Clark's resentencing took place on August 16, 2019. Relying on *State v. Dawson*, 310 Kan. 112, 444 P.3d 914 (2019), and *State v. Tauer*, 310 Kan. 1, 444 P.3d 936 (2019),

8

the State argues recent changes to caselaw compelled the district court to classify Clark's 2000 Oklahoma conviction as a person felony and reimpose the original 460-month prison sentence. In those cases, our Supreme Court held the legality of a sentence is "determined by the law in effect at the time the sentence was pronounced." *Dawson*, 310 Kan. at 112, Syl. ¶ 2; see *Tauer*, 310 Kan. 1, Syl.

Prior to Clark's resentencing, our Supreme Court's decisions in *Murdock II*, *State v. Newton*, 309 Kan. 1070, 442 P.3d 489 (2019), and *State v. Weber*, 309 Kan. 1203, 442 P.3d 1044 (2019), clarified the proper application of the identical-or-narrower rule as set forth in *Wetrich*. In *Murdock II*, the Kansas Supreme Court clarified the legality of a sentence under K.S.A. 22-3504 is controlled by the law in effect at the time the sentence was pronounced. 309 Kan. at 592. And in *Newton* and *Weber*, our Supreme Court determined *Wetrich* was a change in the law as contemplated by *Murdock II*. See *Newton*, 309 Kan. at 1073-74; *Weber*, 309 Kan. at 1049. As such, we apply an exception to the mandate rule here, finding our Supreme Court's clarified identical-or-narrower rule as set forth in *Wetrich* did not apply to the facts of this case. Accordingly, due to clarifying caselaw, we find the district court was no longer bound to follow our court's mandate when resentencing Clark.

Second, Clark alternatively argues even if *Wetrich* constituted a change in the law, the United States Supreme Court's holding in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), which was decided five years before Clark's original sentencing, required the same interpretation of K.S.A. 21-4711(e) as set forth in *Wetrich*. Specifically, Clark claims the doctrine of constitutional avoidance mandates the use of the identical-or-narrower rule when comparing out-of-state crimes to Kansas crimes for criminal history classification because the court should try to avoid a subsequent decision that K.S.A. 21-4711(e) is unconstitutional. We reject Clark's argument because our Supreme Court has stated *Wetrich* was a change in the law and restricted its holding to sentences imposed after the holding in *Wetrich* or to those cases

9

pending on direct appeal. See *Murdock II*, 309 Kan. at 591-92 (distinguishing parties who may benefit from change in law during pendency of direct appeal from parties moving to correct an illegal sentence).

Clark's sentence is vacated, and the case is remanded for resentencing with the correct criminal history score. On remand, the district court should classify Clark's prior convictions in accordance with the law in effect on June 5, 2005, the date of his original sentence.

Sentence vacated and case remanded for resentencing.