IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 119,302

STATE OF KANSAS,
*Appellee*,

v.

GREGORY LYNN GALES,
*Appellant.*

SYLLABUS BY THE COURT

1.

Whether a sentence is illegal is a question of law over which appellate courts have unlimited review.

2.

The penalty parameters for an offense are fixed on the date the offense was committed.

Review of the judgment of the Court of Appeals in 57 Kan. App. 2d 325, 452 P.3d 868 (2019). Appeal from Edwards District Court; BRUCE T. GATTERMAN, judge. Opinion filed December 4, 2020. Judgment of the Court of Appeals affirming the district court is reversed. Judgment of the district court is reversed, sentence is vacated, and case is remanded with directions.

*Kristen B. Patty*, of Wichita, was on the briefs for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Derek Schmidt*, attorney general, were on the briefs for appellee.

The opinion of the court was delivered by

BILES, J.: Gregory Lynn Gales challenges the district court's denial of his motion to correct an illegal sentence. He argues his prior 1976 California juvenile adjudication for burglary was improperly scored as a person crime, resulting in a longer prison sentence for his 2001 second-degree murder conviction in Kansas. We agree the district court erred when it looked beyond the elements of the prior crime to score Gales' burglary adjudication as a person offense. We further hold the Court of Appeals panel considering his challenge to the district court's ruling committed a different error by arbitrarily focusing on just a portion of the California statute's definition of burglary when it decided the out-of-state conviction was comparable to the Kansas crime of burglary of a dwelling.

In this somewhat peculiar situation, the statutory rules for classifying Gales' California crime result in an ambiguity, so the rule of lenity requires us to construe the statute in his favor. We reverse a Court of Appeals panel that upheld the person classification, vacate Gales' sentence, and remand his case to the district court for resentencing with the burglary adjudication to be scored as a nonperson offense.

FACTUAL AND PROCEDURAL BACKGROUND

Gales was convicted in 2001 of intentional second-degree murder and arson. The crimes occurred in September 2000. The district court originally sentenced him to 267 months' imprisonment for the murder and imposed a consecutive, 19-month prison term for the arson.

To determine the sentence for the murder conviction, the court applied a criminal history score of D. That score results when the offender's criminal history includes one person felony and no nonperson felonies. K.S.A. 21-4709. Gales' amended presentence investigation report reflected just one person felony—a 1976 California juvenile

2

adjudication listed simply as "Burglary (residence)." The report did not identify the California statute he violated.

In 2014, Gales moved pro se to correct his 2001 sentence. He argued the California burglary adjudication was improperly scored as a person felony, citing *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014) (*Murdock I*) (holding out-of-state convictions for crimes predating the Kansas Sentencing Guidelines Act must be scored as nonperson felonies). The district court denied the motion. It held Gales was not entitled to any benefit from *Murdock I* because his 2001 sentence was final before *Murdock I* was decided. He appealed.

As Gales' appeal was pending, this court decided *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015) (holding pre-KSGA Kansas burglaries must be scored as nonperson felonies), and *State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015) (overruling *Murdock I*). In *Dickey*, the court held a pre-KSGA Kansas burglary conviction must be scored as a nonperson felony under a statute that provided a prior burglary should be scored as a person felony if it involved a dwelling, but as a nonperson felony if it did not. It concluded the pre-KSGA Kansas burglary statute did not have an element that included a dwelling, so the sentencing court was "constitutionally prohibited from classifying Dickey's prior burglary adjudication as a person felony because doing so would have necessarily resulted from the district court making or adopting a factual finding that went beyond simply identifying the statutory elements that constituted the prior burglary adjudication." 301 Kan. at 1039.

In considering Gales' illegal sentence claim, a Court of Appeals panel rejected various procedural bars the State raised. It vacated his sentence and remanded to the district court for resentencing. *State v. Gales*, No. 114,027, 2016 WL 5844573 (Kan. App. 2016) (unpublished opinion) (*Gales I*). The *Gales I* panel held remand was

3

appropriate to determine whether Gales' prior California burglary adjudication involved a dwelling under the modified categorical analysis articulated in *Dickey*. 2016 WL 5844573, at *2-3.

The *Dickey* court described that analysis as follows:

"The modified categorical approach applies when the statute forming the basis of the prior conviction is a 'divisible statute,' *i.e.*, a statute which includes multiple, alternative versions of the crime and at least one of the versions matches the elements of the generic offense. Naturally, when a defendant's prior conviction arises under a divisible statute, a sentencing court cannot determine whether a defendant's prior conviction constitutes a predicate offense under the ACCA by merely examining the elements of the statute. Thus, without running afoul of *Apprendi* [*v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000)], a sentencing court is permitted to look beyond the elements of the statute and examine a limited class of documents to determine 'which of a statute's alternative elements formed the basis of the defendant's prior conviction.' [Citations omitted.]" *Dickey*, 301 Kan. at 1037-38.

In Gales' case, the *Gales I* panel noted the parties agreed the 1976 California burglary statute did not require evidence the burgled structure was a dwelling. *Gales I*, 2016 WL 5844573, at *2. The panel held that,

"[C]lassifying Gales' 1976 California burglary as a person offense required the sentencing court to go beyond merely finding the existence of this prior adjudication or comparing the statutory elements constituting burglary. There is no indication in the record that the sentencing court examined the appropriate documents to see whether Gales' California burglary was committed in a dwelling. Those documents would have included the charging documents, plea agreements, jury instructions, verdict forms, and transcripts from plea colloquies as well as findings of fact and conclusions of law from a bench trial. See *Johnson v. United States*, 559 U.S. 133, 144, 130 S. Ct. 1265, 176 L. Ed. 2d 1 (2010). Thus, classifying Gales' 1976 burglary adjudication as a person offense violated his Sixth

4

Amendment constitutional rights as described in *Apprendi* and *Descamps* [*v. United States*, 570 U.S. 254, 267, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013)]. Whether Gales' prior California burglary adjudication should be properly scored as a person or nonperson offense requires us to remand to the district court for additional findings as provided by *Dickey*, 301 Kan. at 1039-40." *Gales*, 2016 WL 5844573, at *3.

On remand, the district court conducted an evidentiary hearing. The State offered three exhibits into evidence. Exhibit 1 contained six documents: The California charging document, the judgment, a probation officer's report and recommendation, two orders finding Gales committed additional violations, and an order committing Gales to the state Youth Authority. Exhibit 2 contained five documents, but only one was not included in Exhibit 1, i.e., minutes from an October 1976 hearing finding Gales had received stolen property and ordering him to continue juvenile hall detention. Exhibit 3 contained one document, a January 7, 1976, probation officer's report.

The California charging document that resulted in the burglary adjudication alleged that Gales "on or about August 30, 1975, in the County of Placer, State of California, did wilfully enter the RESIDENCE and building occupied by NATHAN KELLER with the intent to commit a felony and theft therein; thereby violating Section 459 of the Penal Code. BURGLARY." The journal entry adjudicating Gales as a juvenile court ward found "[t]he allegations of the petition are true and correct beyond a reasonable doubt that minor is in violation of Section 459 PC (1ct) and Sec 488 PC (4cts); thereby coming within the provisions of Section 602 of the Juvenile Court Law."

A January 1976 probation officer's report recited some background facts. According to that document, police obtained jewelry from a burglary at "the Keller residence" that had not been reported. The victims confirmed the burglary but said they did not want their insurance rates to go up so they did not report the crime. The officer's

report also contains details of a conversation with police in which Gales admitted participating in the burglary. He said a pocketknife was used to slip the front door latch, then he and two accomplices went to a bedroom and took jewelry, but they decided not to steal guns in the home's guest cottage. The report quoted a signed statement Gales made when interviewed in juvenile hall as saying: "Mike Munoz and Tony Munoz and [I] went in the house and took some jewelry and left. Mike told me to get the guns. [I] said no and he came back the next day and got the guns. [I don't] know who was with him then that day." Gales objected to these documents because they were not certified.

At a 2018 hearing following the panel's remand, the district court overruled Gales' criminal history score objection and imposed its original 267-month sentence for the murder conviction, applying a D criminal history score. The court concluded the panel's decision required it to apply the "modified categorical approach" to determine if the burglary adjudication involved a dwelling "because of the fact that the prior conviction from California is a divisible statute." And after reviewing the State's exhibits, it ruled "[f]rom the information from the modified categorical approach, an examination of those documents from the Placer County Court, the Court would find that the out-of-state burglary is in fact a person offense. Therefore, the original criminal history score of D is correct."

Gales moved for reconsideration, arguing again that the file-stamped, but uncertified, documents from the California court were not competent evidence to prove his criminal history. The court ruled the documents were admissible and again sentenced Gales to 267 months' imprisonment for the murder conviction using a D criminal history score. Gales appealed.

A Court of Appeals panel affirmed. It held the district court was right for the wrong reason. The panel concluded that *Dickey* did not represent a change in the law, and

6

the *Apprendi* principles it relied on would apply in resolving Gales' illegal sentence claim. *State v. Gales*, 57 Kan. App. 2d 325, 337, 344-45, 452 P.3d 868 (2019) (*Gales II*). Next, it concluded the district court violated *Apprendi* because it went beyond examining the California statute's elements by looking at the charging document to decide the burglary involved a residence. In the panel's view, the California statute contained "only one set of elements," so it could not look beyond the statute's language to classify Gales' adjudicated burglary. 57 Kan. App. 2d at 344. But the panel concluded the district court properly scored the California adjudication as a person crime anyway, reasoning "the 1976 version of Cal. Penal Code § 459, which defined the crime to include burglary of a house, is comparable, but not identical, to K.S.A. 21-3715(a), which defined the crime to include burglary of a dwelling." 57 Kan. App. 2d at 344.

Gales petitioned this court for review. The State filed a conditional cross-petition for review, arguing he could not obtain any relief based on *Dickey* because, it claims, *Dickey* was a change in the law not applicable to Gales' motion. The State further argues the sentencing statute at the time of Gales' conviction permitted it to be scored as a person felony if the State proved by a preponderance of the evidence it was comparable to burglary of a dwelling.

We granted both the petition for review and the conditional cross-petition for review. Jurisdiction is proper. See K.S.A. 20-3018(b) (providing for petitions for review of Court of Appeals decisions); K.S.A. 60-2101(b) (Supreme Court has jurisdiction to review Court of Appeals decisions upon petition for review).

7

The question is whether the district court properly scored Gales' prior adjudication as a person crime. The court may correct an illegal sentence at any time. K.S.A. 2018 Supp. 22-3504.

At the time Gales filed his motion, we defined "illegal sentence" as:

> "'(1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in the character or the term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served. [Citations omitted.]'" *State v. Donahue*, 309 Kan. 265, 267, 434 P.3d 230 (2019).

*Standard of review*

Whether a sentence is illegal is a question of law over which appellate courts have unlimited review. *State v. Roberts*, 309 Kan. 420, 422, 435 P.3d 1149 (2019); see also *State v. Wetrich*, 307 Kan. 552, 555, 412 P.3d 984 (2018) ("Classification of prior offenses for criminal history purposes involves interpretation of the KSGA; statutory interpretation is a question of law subject to unlimited review.").

*Discussion*

The penalty parameters for an offense are fixed on the date the offense was committed. *Keel*, 302 Kan. at 582. And the legality of a sentence is controlled by the law in effect at the time the sentence was pronounced under K.S.A. 22-3504. *State v. Murdock*, 309 Kan. 585, 591, 439 P.3d 307 (2019) (*Murdock II*). At the time of Gales' conviction and original sentencing, K.S.A. 21-4711 provided:

8

"[T]he following shall apply in determining an offender's criminal history classification as contained in the presumptive sentencing guidelines grid for nondrug crimes and the presumptive sentencing guidelines grid for drug crimes:

. . . .

"(d) Prior burglary adult convictions and juvenile adjudications will be scored for criminal history purposes as follows:

(1) As a prior person felony if the prior conviction or adjudication was classified as a burglary as described in subsection (a) of K.S.A. 21-3715 and amendments thereto.

(2) As a prior nonperson felony if the prior conviction or adjudication was classified as a burglary as described in subsection (b) or (c) of K.S.A. 21-3715 and amendments thereto.

"The facts required to classify prior burglary adult convictions and juvenile adjudications must be established by the state by a preponderance of the evidence.

"(e) Out-of-state convictions and juvenile adjudications will be used in classifying the offender's criminal history. An out-of-state crime will be classified as either a felony or a misdemeanor according to the convicting jurisdiction. If a crime is a felony in another state, it will be counted as a felony in Kansas. The state of Kansas shall classify the crime as person or nonperson. In designating a crime as person or nonperson comparable offenses shall be referred to. If the state of Kansas does not have a comparable offense, the out-of-state conviction shall be classified as a nonperson crime. Convictions or adjudications occurring within the federal system, other state systems, the District of Columbia, foreign, tribal or military courts are considered out-of-state convictions or adjudications. The facts required to classify out-of-state adult convictions and juvenile adjudications must be established by the state by a preponderance of the evidence." K.S.A. 21-4711.

9

The panel appropriately identified K.S.A. 21-4711(e), which governs the classifying of out-of-state crimes, as supplying the applicable standard, rather than K.S.A. 21-4711(d), which governs classification of prior burglary convictions, because Gales' burglary adjudication occurred in a different state. See *Wetrich*, 307 Kan. at 556 (holding classification of Missouri burglary conviction controlled by provision governing classification of out-of-state crimes under amended version of K.S.A. 21-4711[e], K.S.A. 2017 Supp. 21-6811[e]).

But despite identifying K.S.A. 21-4711(e) as the controlling statute, the panel spent considerable effort addressing whether *Dickey*, which construed a different statute, could apply retroactively to Gales' case. This focus triggered the State's conditional cross-petition for review challenging the panel's determination that *Dickey* was not a change in the law. This is all for naught because our issue is not controlled by *Dickey*. See *Wetrich*, 307 Kan. at 557-58 (noting *Dickey*'s "clear implication . . . is that constitutional constraints would require that, to be a comparable offense, a prior out-of-state crime must have identical or narrower elements than the Kansas offense to which it is being compared," but reaching that construction of the comparability requirement without applying *Dickey*). Because of this, the State's arguments why *Dickey* should not control are moot.

At the time of Gales' 2001 conviction, under K.S.A. 21-4711(e) "'[f]or purposes of determining criminal history, the offenses need only be comparable, not identical.'" *State v. Weber*, 309 Kan. 1203, 1209, 442 P.3d 1044 (2019) (quoting *State v. Vandervort*, 276 Kan. 164, 72 P.3d 925 [2003]). The documents the State produced on remand reflected only that Gales' burglary adjudication was obtained under Cal. Penal Code § 459. That statute provided:

10

"Every person who enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse or other building, tent, vessel, railroad car, trailer coach as defined by the Vehicle Code, vehicle as defined by said code when the doors of such vehicle are locked, aircraft as defined by the Harbors and Navigation Code, mine or any underground portion thereof, with intent to commit grand or petit larceny or any felony is guilty of burglary." Cal. Stats. 1947, ch. 1052.

A separate provision, Cal. Penal Code § 460, defined degrees of burglary and designated burglaries of "inhabited dwelling houses, trailer coaches, . . . or building[s] committed in the nighttime" as first-degree burglary. But nothing from the California adjudication in our record refers to Section 460, or even to Gales having committed any particular degree of the offense.

At the time of Gales' second-degree murder conviction, K.S.A. 21-3715 provided,

"Burglary is knowingly and without authority entering into or remaining within any:

"(a) Building, manufactured home, mobile home, tent or other structure which is a dwelling, with intent to commit a felony, theft or sexual battery therein;

"(b) building, manufactured home, mobile home, tent or other structure which is not a dwelling, with intent to commit a felony, theft or sexual battery therein; or

"(c) motor vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property, with intent to commit a felony, theft or sexual battery therein.

11

"Burglary as described in subsection (a) is a severity level 7, person felony. Burglary as described in subsection (b) is a severity level 7, nonperson felony. Burglary as described in subsection (c) is a severity level 9, nonperson felony." K.S.A. 21-3715.

K.S.A. 21-3110(7) defined "'[d]welling" to mean "a building or portion thereof, a tent, a vehicle or other enclosed space which is used or intended for use as a human habitation, home or residence."

Gales contends Cal. Penal Code § 459 is not comparable to Kansas' person crime of residential burglary. He argues it is comparable to the crime's nonperson versions. He contends the panel erred by focusing on the word "home" in the statute, even though the California crime could have occurred under the statutory language if he burgled a warehouse, shop, mill, stable, or other non-dwelling structures listed in the law. And he asserts the panel could not have concluded he burgled a house unless it looked at the adjudication's underlying facts and went outside the California statute's language. This, he claims, would violate his Sixth Amendment rights. For its part, the State defends the person-crime classification because it proved by "a preponderance of the evidence" that the California offense was comparable to the person-crime version of Kansas burglary, i.e., burglary of a dwelling.

Gales has the better argument. The State's position is essentially that a comparability analysis can look beyond the statutory elements; but that is contrary to our caselaw construing the applicable provision. In *Vandervort*, the court held a Virginia conviction for exposure was comparable to the Kansas person crime of lewd and lascivious behavior, even though the Virginia offense did not include one element that the Kansas crime required, i.e., the victim did not consent to the defendant's conduct. *Vandervort*, 276 Kan. at 179. The court reasoned that,

12

"Vandervort confuses the term 'comparable' with the concept of identical elements of the crime. For purposes of determining criminal history, the offenses need only be comparable, not identical. K.S.A. 2000 Supp. 21-4711(e). Since K.S.A. 2002 Supp. 21-3508 is the closest approximation to Virginia Code § 18.2-370, it constitutes the comparable offense." 276 Kan. at 179.

Because the *Vandervort* court focused on the two statutes being compared, rather than the facts underlying the prior crime, it impliedly described an elements-based comparison. And what was implied in *Vandervort* was made explicit in *State v. Williams*, 299 Kan. 870, 326 P.3d 1070 (2014). The *Williams* court rejected a defendant's bid to inject the underlying evidence into the comparability analysis, reasoning,

"[T]he evidence-based approach Williams promotes is not the approach used by Kansas courts. Our courts examine the out-of-state crime of conviction and attempt to find a comparable Kansas crime. And K.S.A. 21-4711(e) plainly stated:

'*In designating a crime as person or nonperson comparable offenses shall be referred to*. If the state of Kansas does not have a comparable offense, the out-of-state conviction shall be classified as a nonperson crime.' (Emphasis added.)

"*In this legal review of criminal statutes, there is no review of the evidence surrounding the out-of-state conviction*. Nor is there review of the identicalness of the elements of the crimes identified in the out-of-state and in-state statutes. Rather, the review is for crime comparability. Accordingly, we reject Williams' misplaced argument that the Ohio crime of conviction contains insufficient evidence to establish the Kansas element of intent to permanently deprive. [Citations omitted.]" (Emphasis added.) 299 Kan. at 874-75.

Based on this caselaw, classifying Gales' burglary adjudication boils down to whether the dwelling or non-dwelling version of Kansas' burglary crime is the "closest approximation" to the California crime defined in Cal. Penal Code § 459. We hold the

13

non-dwelling version is the closest approximation under K.S.A. 21-4711(e)'s comparability requirement.

This is true for two reasons. First, this is a unique circumstance in which Kansas has both person and nonperson versions of the same crime, while the California statute is both indivisible and equally comparable to either Kansas version. This makes the comparability requirement ambiguous when applied to the facts since the California statute enumerates several structures or vehicles in which burglaries may occur—only some of which imply fitness for human habitation, e.g., a house, apartment, or tent. See Cal. Penal Code § 459; cf. *Wetrich*, 307 Kan. at 559-62 (holding comparability requirement ambiguous on its face, overruling *Vandervort*; concluding crimes only comparable if out-of-state crime's elements are identical to or narrower than Kansas crime's).

This makes the rule of lenity applicable, which mandates that an ambiguous statute be construed in the accused's favor, with the qualification that the judicial interpretation in favor of the accused must be reasonable and sensible to effect the legislative design and the intent of the act. *State v. Gensler*, 308 Kan. 674, 680, 423 P.3d 488 (2018). The panel's arbitrary decision to zero in on the fact that Cal. Penal Code § 459 "defined the crime to include burglary of a house," to the unexplained exclusion of the other places plainly listed in the statute where the same crime could occur, violates this mandate. See *Gales II*, 57 Kan. App. 2d at 344.

Second, there is only one explanation in the record for the panel's narrow focus, i.e., the State's evidence on remand reflected the underlying factual allegations and evidence supporting the California adjudication. But *Williams* requires the comparison be made only on the statutory elements of the statutes being compared—without reference to evidence surrounding the prior conviction. Any such reference conflicts with the law in

14

effect at the time Gales' sentence was imposed. See *Williams*, 299 Kan. at 874. The statue's directive that criminal history may be proved by a "preponderance of the evidence" does not give license to delve beyond statutory elements in determining whether two crimes are comparable.

We emphasize that our decision today is not based on the lack of the identicalness of the elements of the Kansas and California statutes referenced in *Wetrich*. And it is not based on any constitutional rule derived from *Apprendi*, *Descamps*, or *Dickey*. It is based instead on our law demanding a legal comparison of the applicable statutes, and the lack of a principled basis rooted in the rather inclusive language of the California statute for declaring the statute to be "more" comparable to Kansas' residential burglary crime than its non-residential burglary crimes. We do not disturb our recent decision holding our interpretation of the comparability statute in *Wetrich* was a change in the law not applicable to sentences that were final before it was decided. See *Weber*, 309 Kan. at 1209.

We reverse the panel's decision, vacate the sentence imposed by the district court, and remand this case for resentencing with direction to score the California burglary adjudication as a nonperson crime.