NOT DESIGNATED FOR PUBLICATION

No. 122,457

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PAUL WALTER SWAIM,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; C. WILLIAM OSSMANN, judge. Opinion filed August 27, 2021. Sentence vacated and case remanded with directions.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., ATCHESON and WARNER, JJ.

PER CURIAM: Contending that an out-of-state conviction should not have been classified as a person felony to determine his criminal history score, Paul Swaim appeals his sentence. The State agrees. Thus, we vacate Swaim's sentence and remand the case for resentencing.

Swaim pled guilty to kidnapping and attempted second-degree murder. But before sentencing, he objected to the classification of his Missouri first-degree burglary conviction as a person felony. At the sentencing hearing, both parties agreed that the

Missouri burglary conviction would be classified as a nonperson felony under the identical-or-narrower test set forth in *State v. Wetrich*, 307 Kan. 552, Syl. ¶ 3, 412 P.3d 984 (2018).

But the district court held for the State and ruled that the 2019 amendments to K.S.A. 21-6811(e)(3) controlled the conviction's classification instead of *Wetrich*. Those amendments nullified the analysis used in *Wetrich*. See L. 2019, ch. 59, § 13. The court classified Swaim's Missouri first-degree burglary conviction as a person felony. Then, using a criminal history score of B, the court sentenced Swaim to 216 months' imprisonment for kidnapping and a consecutive term of 61 months' imprisonment for attempted second-degree murder.

On appeal, Swaim contends that the 2019 amendments to K.S.A. 21-6811(e)(3) do not operate retroactively and that the district court should have applied the identical-or-narrower test set forth in *Wetrich* to classify his prior Missouri conviction as a nonperson crime. The State agrees and asks that we remand for resentencing.

We agree with the parties. We must vacate Swaim's sentence for kidnapping since that is his primary conviction. His sentence for attempted second-degree murder is unaffected by this criminal history error. The penalties for a crime are fixed on the date the offense was committed. *State v. Gales*, 312 Kan. 475, 481, 476 P.3d 412 (2020). Swaim committed these crimes in August 2017. Two years later, the statute was amended effective May 23, 2019. L. 2019, ch. 59, § 13. Because Swaim's convictions arose before the effective date of the amendments, they do not control the determination of Swaim's criminal history score. See *State v. Hillard*, 313 Kan. 830, 2021 WL 3117934, at *14 (Kan. July 23, 2021).

Swaim also contends that the use of his prior convictions to increase his sentence without proving the convictions to a jury beyond a reasonable doubt violated his rights

under section 5 of the Kansas Constitution Bill of Rights and the Sixth Amendment to the United States Constitution.

Our Supreme Court has repeatedly rejected this challenge over the United States Constitution. See, e.g., *State v. Sullivan*, 307 Kan. 697, 708, 414 P.3d 737 (2018). In line with that holding, we reject the argument.

Recently, our Supreme Court also rejected this challenge over the Kansas Constitution. In *State v. Albano*, 313 Kan. 638, Syl. ¶ 4, 487 P.3d 750 (2021), the court held: "Section 5 of the Kansas Constitution Bill of Rights does not guarantee defendants the right to have a jury determine the existence of sentence-enhancing prior convictions under the revised Kansas Sentencing Guidelines Act."

We see no indication that our Supreme Court is departing from these positions. Thus, we are duty-bound to follow this precedent. *State v. Rodriguez*, 305 Kan. 1139, 1144, 390 P.3d 903 (2017). Swaim's sentence does not violate either Constitution.

We vacate Swaim's kidnapping sentence and remand to the district court for determination of the proper criminal history score and resentencing.

Sentence vacated and case remanded with directions.