NOT DESIGNATED FOR PUBLICATION

No. 125,557

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TERRANCE W. PONDER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Submitted without oral argument. Opinion filed February 2, 2024. Affirmed in part, sentence vacated, and case remanded with directions.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., SCHROEDER and COBLE, JJ.

PER CURIAM: Terrance W. Ponder appeals the revocation of his probation and imposition of his underlying 128-month prison sentence. Ponder makes two arguments on appeal. First, he claims that he is serving an illegal sentence because the district court improperly scored his 2006 Florida robbery conviction as a person felony in determining his criminal history score. The State concedes this point.

Second, Ponder claims that the district court abused its discretion in revoking his probation and imposing his underlying sentence without imposing intermediate sanctions.

1

But the district court properly invoked an intermediate sanctions bypass provision, so it did not abuse its discretion in revoking Ponder's probation and imposing his underlying sentence. Accordingly, we affirm the revocation of Ponder's probation, but we vacate his sentence and remand to district court to sentence Ponder consistent with this opinion.

FACTUAL AND PROCEDURAL HISTORY

On October 28, 2014, the State charged Ponder with violation of the Kansas Offender Registration Act (KORA) for actions on or about September 1, 2014. Ponder was not arrested until June 2018 for this offense.

Ponder ultimately entered into a plea agreement with the State, under which he pleaded guilty to the KORA noncompliance charge. In his presentencing dispositional departure motion, Ponder stated his belief that he had a criminal history score of B.

At Ponder's sentencing hearing, the district court began by stating that the presentence investigation (PSI) report revealed that Ponder's criminal history score was A, and the parties agreed. Yet later in the hearing, the State realized a mistake with Ponder's criminal history score. The State explained that one of Ponder's prior convictions for a KORA violation was an element of his present conviction, so it should not have been scored as a person felony and his criminal history score should be B. Ponder's counsel agreed that Ponder's criminal history score was B.

After hearing the parties' arguments and a statement from Ponder, the district court granted Ponder's dispositional departure motion—a request for probation rather than a presumptive prison term. The district court imposed a 36-month supervised probation term with an underlying sentence of 128 months in prison and 24 months of postrelease supervision.

A series of probation violations followed, the details of which we will address as necessary later in this opinion. But at the fifth and final probation violation hearing, the district court determined that Ponder's continued behavior showed he was simply not amenable to probation and that he had committed a new crime. Accordingly, the district court revoked probation and imposed Ponder's underlying 128-month prison sentence.

Ponder filed a timely notice of appeal.

ANALYSIS

I.      THE STATE CONCEDES THAT PONDER'S 2006 FLORIDA CONVICTION SHOULD NOT
        HAVE BEEN SCORED AS A PERSON FELONY.

Ponder argues that his 2006 Florida conviction for robbery was incorrectly scored as a person felony in his PSI report, and in turn the district court incorrectly calculated his criminal history score as B. Ponder claims that the controlling law for what constitutes a comparable offense for the classification of out-of-state felonies for his case is the identical-to-or-narrower-than test from *State v. Wetrich*, 307 Kan. 552, 562, 412 P.3d 984 (2018). He argues that under the identical-to-or-narrower-than test, his Florida robbery conviction is not comparable to Kansas robbery because the elements of robbery under Florida law are broader than the elements of robbery in Kansas. As such, he claims his Florida robbery conviction should have been scored as a nonperson felony resulting in his criminal history score being C, and he is serving an illegal sentence.

The State bears the burden of establishing a defendant's criminal history. K.S.A. 2022 Supp. 21-6814(b). The State can satisfy its burden by providing to the offender and the court a summary of the offender's criminal history. If the defendant does not provide notice to the State of alleged errors in the State's summary, then the summary satisfies the State's burden, and the burden of proof shifts to the offender to prove the alleged criminal

3

history error by a preponderance of the evidence. *State v. Roberts*, 314 Kan. 316, 322, 498 P.3d 725 (2021); see K.S.A. 2022 Supp. 21-6814(c).

Here, the State concedes that the identical-to-or-narrower than test applies to Ponder's case and that under this test, Florida robbery is broader than Kansas robbery. See *State v. Gales*, 312 Kan. 475, 481, 476 P.3d 412 (2020) (finding that the legality of a sentence is controlled by the law in effect at the time the sentence was pronounced). In other words, it concedes Ponder has established by a preponderance of the evidence that the State's criminal history summary was in error. Accordingly, the State concedes that Ponder is serving an illegal sentence because his Florida robbery conviction was improperly scored as a person felony. As a result, his criminal history score should have been C, subjecting him to 60 months in prison, instead of 128 months. See K.S.A. 2014 Supp. 21-6804. We accept the State's concession, vacate Ponder's sentence, and remand the case for resentencing consistent with this opinion.

II.    THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN REVOKING PONDER'S PROBATION AND IMPOSING HIS UNDERLYING SENTENCE.

Once a probation violation is established, a district court has discretion to revoke probation unless the court is otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). Thus, we review a district court's revocation of an offender's probation for an abuse of discretion. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). Judicial discretion is abused only if (1) no reasonable person would take the view adopted by the district court; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018). Ponder bears the burden of showing such abuse of discretion. See 307 Kan. at 739.

Ponder argues that the district court abused its discretion by committing an error of law. He contends that the court did not impose intermediate sanctions before revoking

4

his probation, as required by K.S.A. 2014 Supp. 22-3716(b)(3)(B)(ii). Additionally, Ponder argues that the district court did not properly invoke an intermediate sanctions bypass provision. So that will be the focus of our review.

The statute in effect at the time of Ponder's criminal conduct supporting his conviction governs the district court's probation revocation decision. See *Coleman*, 311 Kan. at 337. Ponder's conviction resulted from acts committed on or about September 1, 2014, thus the district court needed to exercise its discretion to revoke Ponder's probation and order him to serve his underlying sentence within the statutory framework of K.S.A. 2014 Supp. 22-3716.

Under K.S.A. 2014 Supp. 22-3716(c)(1)(E), a sentencing court must impose either a 2- or 3-day jail sanction and then a 120- or 180-day prison sanction before revoking an offender's probation. The statute provides some exceptions to this intermediate sanctioning scheme. A sentencing court may revoke probation without having previously imposed a sanction under K.S.A. 2014 Supp. 22-3716(c)(1)(B)-(D) if:

> "[T]he offender *commits a new felony or misdemeanor or absconds from supervision* while the offender is on probation, assignment to a community correctional services program, suspension of sentence or nonprison sanction, the court may revoke the probation, assignment to a community correctional services program, suspension of sentence or nonprison sanction of an offender pursuant to subsection (c)(1)(E) without having previously imposed a sanction pursuant to subsection (c)(1)(B), (c)(1)(C), or (c)(1)(D)." (Emphasis added.) K.S.A. 2014 Supp. 22-3716(c)(8).

A sentencing court may also revoke probation without having previously imposed an intermediate sanction under K.S.A. 2014 Supp. 22-3716(c)(1)(B)-(D) if "the court finds and sets forth with particularly the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction." K.S.A. 2014 Supp. 22-3716(c)(9).

5

The parties are familiar with the details of each of the five separate probation revocation allegations and hearings. But suffice it to say, that although the district court did impose some intermediate sanctions along the way, the district court did not impose a 2- or 3-day sanction or a 120- or 180-day sanction before revoking Ponder's probation as required by K.S.A. 2014 Supp. 22-3716(c)(1). So we must determine whether the district court properly invoked a bypass provision. A more detailed discussion of the probation revocation hearing is in order.

The fourth and fifth probation violation warrants were heard together, so we will first examine the basis for the violations. In its fourth probation revocation warrant the State alleged that Ponder violated his probation by failing to report and testing positive for methamphetamines/amphetamine and cocaine. When Ponder failed to appear at the probation violation hearing, the district court forfeited his bond and issued a new warrant. Ponder was arrested a month later, and the State promptly filed its fifth warrant alleging that Ponder violated his probation by failing to report, testing positive for meth/amphetamines, cocaine, and THC, and committing a new offense of failure to register.

The district court held a probation violation hearing for the fourth and fifth warrants as well as a preliminary hearing on the new crime of failing to register. All witnesses were present and ready to proceed. Ponder was represented by an attorney at that hearing but insisted on speaking directly to the court. The court even advised him it was probably best not to make any admissions of any kind. During that discussion, Ponder admitted to the probation violations. He admitted that he failed to register in November 2021—which was the basis for the new felony charge—but offered that he was on new medication and suffering from cellulitis. He asked that the court impose a 180-day sanction.

Ponder was then allowed time to privately speak with his court-appointed attorney, who was present and with whose representation Ponder stated he was satisfied. After speaking with her, he expressed his desire to waive his right to a preliminary hearing on the new registration charge. He confirmed that although he was not pleading guilty to the charge, he was admitting the allegations of the charge in the probation violation warrant for purposes of the revocation hearing. Accordingly, the court found that there was probable cause to believe he had committed the crime and bound him over on that charge for arraignment two weeks down the road. After waiving his right to an evidentiary hearing on the probation violations and admitting the allegations in the warrants were true, the district court found that the allegations were true and continued all matters to the date of the arraignment on the new registration charge for the parties to enter further negotiations.

On the date of the final hearing, the district court heard argument primarily related to disposition. The district court again noted that Ponder had admitted to the violations. There was significant discussion about Ponder's failure to report, including his failures in November when he failed to register, with Ponder continuing to offer explanations. After hearing a request from counsel for modification of the underlying sentence, the court denied the request and remanded Ponder for the balance of his term. At the end of the hearing, the State dismissed the new registration charge. It had previously indicated it may do this if the district court revoked Ponder's probation and remanded him for the balance of his term.

On the journal entry, the district court cited K.S.A. 2019 Supp. 22-3716(c)(7) and checked the box for commission of a new crime as the reason for its decision to revoke Ponder's probation. The district court also stated in the journal entry: "The defendant has committed the offense of Failure to Register according to Sedgwick County District Court Case Number 2021-CR-002607-FE."

7

Although the district court did not state specifically at the hearing that it was relying on Ponder's new crime to revoke his probation, it was discussed at the hearing, it was clear Ponder had admitted to all the violations, and the court deemed the allegations to be true. The journal entry indicates that the district court relied on a sanctions bypass provision in revoking probation because it cited K.S.A. 2019 Supp. 22-3716(c)(7) and Ponder's commission of a new crime as the reason for its disposition. The equivalent provision found in K.S.A. 2014 Supp. 22-3716(c)(8) allows a sentencing court to revoke probation without having previously imposed an intermediate sanction if the offender commits a new crime or absconds from supervision while on probation.

Ponder's additional contention on appeal that the State failed to meet its burden to prove that he committed the new KORA noncompliance charge is unavailing. Our Supreme Court has held that a stipulation to probation violations, alone, is sufficient to support a sentencing court's revocation of an offender's probation. *State v. Hurley*, 303 Kan. 575, 581, 363 P.3d 1095 (2016). "Conviction for the act which allegedly violated the conditions of probation is not required." *State v. Lloyd*, 52 Kan. App. 2d 780, 782, 375 P.3d 1013 (2016).

At the final probation violation hearing, Ponder waived his right to a preliminary hearing on the new KORA noncompliance charge, despite the State being prepared with witnesses ready to testify. Ponder also waived his right to an evidentiary hearing on the alleged probation violations, including the alleged violation that he had committed a new crime. Ponder first stated that he was not stipulating to the violation for committing a new crime, but then the district court asked him if the new crime allegation was true for purposes of this hearing only Ponder replied, "Yes." The district court accordingly found that all the alleged violations in both warrants were true and accepted Ponder's waiver of his right to an evidentiary hearing.

The district court did not make an error of law or fact in revoking Ponder's probation and imposing his underlying sentence. Ponder's stipulation to the commission of a new crime in violation of his probation, established it—along with his other violations—by the requisite preponderance of the evidence. See *Hurley*, 303 Kan. at 581. Ponder does not challenge that his admission to this violation was knowing and voluntary.

The State also argues that the district court invoked the sanctions bypass provision for offender welfare under K.S.A. 2014 Supp. 22-3716(c)(9). But the district court did not cite this statutory bypass provision in the journal entry. The record does not reflect that the district court relied on this provision in revoking Ponder's probation, although it did dance around the offender welfare provision a bit by saying: "Probation just doesn't work for you. You're not amenable to it. We can't go on."

And later, "But at some point in time, Mr. Ponder, for your own sake, I've got to impose consequences and not just keep propping you up, which is what I think we're doing here is propping you up for ultimate failure."

But this court has required more particularized findings. See *State v. Duran*, 56 Kan. App. 2d 1268, 1276, 445 P.3d 761 (2019) (holding that if "courts can make an offender welfare finding because a person might violate his or her probation again, the exception will swallow the rule"). So we must agree with Ponder that the district court not only did not check the box for the offender welfare bypass, but it did not make the requisite oral finding either. But this is irrelevant given our finding that the court properly invoked the bypass provision regarding new crimes under K.S.A. 2014 Supp. 22-3716(c)(8).

In conclusion, the district court properly relied on a statutory sanctions bypass provision in revoking Ponder's probation and imposing his underlying sentence after he

stipulated to his violations, including the allegation that he committed a new crime while on probation. Therefore, the district court did not commit an error of law or fact and therefore did not abuse its discretion.

Affirmed in part, sentence vacated, and case remanded with directions.